**Opinion issued February 14, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NOS. 01-18-00226-CR &**

**01-18-00227-CR**

———————————

**CEDKIERA FOBBS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1554558 & 1554559**

## MEMORANDUM OPINION

Cedkiera Fobbs pleaded guilty without an agreed punishment recommendation from the State to two counts of failure to stop and render aid. *See* TEX. TRANSP. CODE § 550.021 (a)-(b). The trial court sentenced Fobbs in each cause

to 5 years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice, with the sentences to run concurrently. We affirm.

On appeal, Fobbs's appointed counsel filed in each cause a motion to withdraw, along with a brief addressing both convictions, and stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that she has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel advised Fobbs of her right to access the record and provided her with a form motion for access to the record. Counsel further advised Fobbs of her right to file a pro se response to the *Anders* brief. Fobbs requested access to the record and a copy of the record was sent to her in August 2018. Fobbs did not file a pro se response.

We have independently reviewed the entire record in these appeals, and we conclude that no reversible error exists in the record, there are no arguable grounds

for review, and the appeals are frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgments of the trial court and grant counsel's motions to withdraw.[1] Attorney Brittany Carroll Lacayo must immediately send Fobbs the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Landau, and Hightower.
Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).